AARON LEHMAN *et al.*, Respondents, *against* EDWARD ROBERTS, IMPLEADED WITH JAMES HILL, Appellant.

(Decided June 7th, 1880.)

In an action to foreclose a mechanic's lien, a decree was entered for a sale of the premises not in accordance with the findings of fact and conclusions of law of the judge at the trial; whereupon an action to restrain such sale was brought by persons claiming title to the premises, but who were not parties to the proceedings for foreclosure, in which action both the plaintiff and the defendant in the foreclosure suit were made defendants. *Held,* that the complaint should not be dismissed upon a subsequent amendment of the decree of foreclosure to conform to such findings of fact and conclusions of law, but that the court, having obtained jurisdiction, might give such other relief as the facts warranted. And it appearing that the only interest in the premises claimed by the defendant in the foreclosure suit was a contract not within the recording acts, and that he was not in possession at the time of the filing of the mechanic's lien, and that such defendant had, therefore, as against the plaintiffs in this action, who were purchasers in good faith without notice of his claim, no interest which could be sold under the decree, such a sale, which might serve as a cloud upon the plaintiffs' title, should be restrained.

APPEAL from a judgment of this court entered upon findings of the judge upon trial without a jury.

This action was brought to restrain a sale under a judgment in an action for foreclosure of a mechanic's lien. The facts of the case, as stated in the opinion of J. F. DALY, J., rendered upon the trial at the special term, and referred to in the following opinion of VAN BRUNT. J., were as follows :

" On February 6, 1857, John A. Davenport, being the owner of three vacant lots situated on Forty-first street, one hundred and twenty feet east of Eighth avenue (each lot being twenty

Lehman v. Roberts.

feet wide and ninety-eight feet nine inches in depth), executed with James Hill an agreement under seal by which Davenport agreed to sell and convey said lots to Hill at the price of $6,150, and Hill agreed to purchase said lots and to proceed to erect three brick buildings thereon, and to pay said purchase money with interest from March, 1857, in cash, on or before September 1, 1857. Hill immediately commenced the erection of the buildings on the lots.

" On July 1, 1857, Hill assigned the contract to William R. Martin by an instrument which was in terms an absolute assignment of all his right and interest, which assignment was intended as security for certain advances of money towards the erection of the said buildings which Martin had already made, and such advances as he might make thereafter.

" On September 1, 1857, Hill made default in the payment of the purchase price of the lots.

" On October 1, 1857, Davenport caused a written demand of payment and of notice that he would re-enter and take possession of the premises if the money was not paid in ten days to be served on Hill; Hill did not pay the money.

" On November 16, 1857, a mechanic's lien for material furnished to Hill in the construction of the buildings was filed by Edward Roberts, pursuant to the provisions of the act of 1851, c. 513. Hill was described as owner, in the notice of lien. A deed of the premises was executed by Davenport to William R. Martin, dated November 20, 1857, acknowledged on December 5, 1857, and recorded December 11, 1857. Martin executed mortgages to the amount of $14,500 on each house and lot, out of which he paid Davenport his purchase money, retaining the rest. He made other mortgages, and paid several persons who had furnished labor and materials towards the erection of the buildings. He afterwards sold and conveyed the houses and lots, and by several mesne conveyances the title came into plaintiffs. Roberts commenced proceedings to foreclose his lien in 1858, but did not obtain judgment till 1878, however, a period of over twenty years after the filing of this lien. The plaintiffs and their grantors were not parties to that proceeding. Hill was the sole defendant, and judgment was

entered directing that the right, title and interest which he possessed in the premises on November 16, 1857, the date of the filing of the lien, should be sold.

"This action was brought to restrain the sale, on the ground that Hill had no right, title or interest whatever in the houses and lots on that date, but that prior thereto he had surrendered his contract for the purchase of the premises to Davenport, the vendor therein, who had thereupon made an independent contract of sale with Martin and conveyed the lots to the latter by the deed before mentioned.

"The defendant Roberts contended on the other hand that Hill was, on the day of the filing of the lien, the equitable owner of the premises, and entitled to a conveyance thereof from Davenport. That the payment of the purchase price was made on his behalf and on an advance to him by Martin, and the deed of the premises taken by the latter from Davenport as security only. That Hill was the equitable owner, and entitled to a conveyance from Davenport when the lien was filed and afterwards, and when the 'action to foreclose the lien was brought was entitled in equity to redeem from Martin, who had taken the legal title from Davenport, but held it as mortgagee only; and defendants demanded that the complaint be dismissed leaving a judgment in the lien proceedings to be executed by a sale of such right or equity as existed in Hill at the time the lien was filed or at the subsequent date of the deed to Martin."

Upon the trial, the judge decided in favor of the plaintiffs, and judgment for the plaintiffs was entered upon his findings. From the judgment the defendant Roberts appealed.

*G. S. P. Stillman,* for appellant.

*Justus Palmer* and *P. J. Joachimsen,* for respondents.

VAN BRUNT, J.—It is not necessary that the facts should be stated at length upon the decision of this appeal, as they sufficiently appear in the opinion of the learned judge before whom this case was tried in the court below.

Lehman *v.* Roberts.

· The action was commenced to restrain the sale of certain premises in the city of New York, under a decree entered in a mechanic's lien suit brought by the defendant, Edward Roberts, against the defendant James Hill. The decree entered in that case provided for a sale entirely different from that which was contemplated by the findings of fact and conclusions of law made upon the trial of that action. After the bringing of this suit, the defendant Roberts caused this decree to be amended so as to conform to such findings of fact and conclusions of law. The plaintiffs in this action, as they might possibly be affected by such decree, had a right to bring this action, in order to restrain the sale of premises owned by them under such an unauthorized decree. Therefore the action was properly brought, and the complaint could not be dismissed because of the subsequent amendment of the decree in question. Having obtained jurisdiction for the purpose above mentioned, the court had a right to give such other relief as the facts before it warranted. And it therefore becomes necessary to consider whether the defendant Hill had any right, title or interest in the premises which could be sold under the judgment or decree in the mechanic's lien suit. Hill had no interest in the premises of which record notice could be given. He had only a contract, which is not within the recording act, and it was only by his maintaining possession that any notice of his claim or interest in the premises could be given.

In July, 1857, Hill assigned his contract with Davenport, the owner of the lots, to William R. Martin, but he seems still to have remained in possession of the premises. On September 1, Hill having made default in the purchase price of the lots, Davenport, on October 1, 1857, notified him that he would re-enter them for non-payment of the purchase money, and take possession of the premises.

Although it is not distinctly proven, it would appear from the evidence that Hill then found himself entirely unable to complete his contract, and that Davenport took possession of the premises in question. On the 16th of November, 1857, Roberts' mechanic's lien was filed against Hill as owner, and

Lenman *v.* Roberts.

on the 20th day of November, 1857, Davenport conveyed the premises to Martin, and Martin conveyed the premises subsequently to other parties.

By this chain of title it will be seen that at the time of the filing of the mechanic's lien by Roberts, Hill was not in possession of the premises, had no title whatever that he could enforce, and no notice was given to any of the purchasers, either by record or possession, that Hill had any claim or interest in the premises in question.

Under these circumstances, if Hill had had a deed of these premises which he had failed to record, and not being in possession, subsequent purchasers in good faith without notice of such deed would not be affected by any claim of title which might be asserted under such unrecorded deed.

Certainly it cannot be claimed that Hill's rights in the premises are any greater under his contract than they would have been under an unrecorded deed.

There seems to have been no way by which, if Hill claimed to have any interest in these premises, such claim could have been discovered by any purchaser in his examination of the title to these premises. This being true, it would appear that as against the present owners of these premises, Hill had no interest whatever which could be sold under judgment in a mechanic's lien suit; and the court, having obtained jurisdiction, as has been stated, because of the unauthorized decree which had been entered, had the right to grant relief to the complainants in this action, and restrain proceedings which might serve as a cloud upon their title.

I think, therefore, that the judgment should be affirmed with costs.

LARREMORE, J., concurred.

Judgment affirmed, with costs.*

---

\* The judgment entered on this decision was affirmed by the court of appeals, October 4th, 1881 (see 86 N. Y. 232).